IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES ROBINSON,** | : | **CIVIL ACTION** |
| *Plaintiff*, | : | |
| | : | |
| **v.** | : | |
| | : | |
| **GEICO GENERAL INSURANCE COMPANY,** | : | |
| *Defendant.* | : | **NO. 21-cv-05059** |

## MEMORANDUM OPINION

**KENNEY, J.**                                                                                                           **March 4, 2022**

Pursuant to Federal Rule of Civil Procedure 15(a) "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a). Rule 15(a) also states that "[t]he court should freely give leave when justice so requires." *Id.* Nevertheless, "the policy favoring liberal amendments is not 'unbounded'" *Synthes, Inc. v. Marotta,* 281 F.R.D. 217, 224 (E.D. Pa. 2012) (citing *Dole v. Arco Chem. Co.,* 921 F.2d 484, 487 (3d Cir.1990). District courts have discretion whether to grant or deny a motion for leave to amend a complaint, and a district court may deny leave to amend a complaint where 'it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.'" *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir.2000) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Specifically, and relevant to the facts present here, "[f]utility can…serve as a reason to deny a motion for leave to amend a complaint… [and] [i]n this context, futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 313 F.3d 113, 115 (3d Cir.2000) (internal citations omitted).

This matter arises out of a motor vehicle accidented in which Plaintiff James Robinson was allegedly rear-ended by an uninsured tortfeasor. ECF No. 16 ¶ 1. Plaintiff Robinson brings this suit against Defendant GEICO General Insurance Company seeking recovery of uninsured motorists benefits pursuant to Plaintiff's insurance policy. *Id.* ¶2; *Id.* Exhibit A. At the Intiial Pre-Trial Conference ("Rule 16") held before this Court on February 17, 2022, the parties represented that a $50,000 demand (in line with the relevant insurance policy's maximum) was submitted to Defendant by Plaintiff and that, subsequently, Plaintiff had made an $8,000 settlement offer. ECF No. 14 at 5:13, 8:1–2.

Presently, Plaintiff proposes to amend the Complaint by adding a claim for bad faith pursuant to 42 Pa.C.S.A. § 8371 on the basis that "Defendant committed bad faith in its evaluation and submission of its lowball settlement offer." ECF No. 16 ¶ 4. At the Rule 16, Plaintiff's counsel represented that the basis for its forthcoming bad faith claim was that the "case is clearly valued over $50,000…[due to an] MRI that Mr. Robinson… receive[d] that revealed disc protrusions throughout his cervical spine at six different levels…" ECF No. 14 at 6:21–25. At that time, Plaintiff's counsel was unable to give an exact date as to when this information was provided to Defense counsel. ECF No. 14 at 7:3–24. The proposed Amended Complaint, attached to the Motion for Leave to Amend the Complaint contains only broad conclusory allegations related to the bad faith claim.[1] *See generally* ECF No. 14 Exhibit B. Accordingly, this Court finds that the Complaint, as amended, fails to state a claim upon which relief could be granted, and that thus the Motion for Leave to Amend the Complaint is futile and warrants denial. *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 137 (3d Cir. 2012)

---

[1] More specifically, the proposed Amended Complaint is devoid of any facts as to when the MRI or any other medical records that would establish at least $50,000 worth of damages were provided to Defense counsel. *See generally* ECF No. 14 Exhibit B.

("the failure to immediately accede to a demand for the policy limit cannot, without more, amount to bad faith"); *see also Shane,* 313 F.3d at 115.

Finally, this Court notes that, although it understands Plaintiff's counsel's desire to litigate this case efficiently, it is wary of the professional practice of submitting claims in federal court for the purpose of achieving an expedited outcome rather than a clear jurisdictional basis to do so. *See* ECF No. 14 at 12:11–13.

**BY THE COURT:**

/**s**/ *Chad F. Kenney*

**CHAD F. KENNEY, JUDGE**