IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES ROBINSON,** | : | **CIVIL ACTION** |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| **GEICO GENERAL INSURANCE COMPANY,** | : | |
| *Defendant.* | : | NO.  21-cv-05059 |

### MEMORANDUM OPINION

**Kenney, J.**                                                                                                        **March 9, 2022**

      This matter arises out of a motor vehicle accidented in which Plaintiff James Robinson was allegedly rear-ended by an uninsured tortfeasor. ECF No. 16 ¶ 1. Specifically, Plaintiff Robinson brings this suit against Defendant GEICO General Insurance Company seeking recovery of uninsured motorists benefits pursuant to Plaintiff's insurance policy (Count I). *Id.* ¶2; Id. Exhibit A. The Complaint also asserts, in the alternative, liability arising out of underinsured motorists benefits pursuant to Plaintiff's insurance policy (Count II). With respect to both Counts, the relevant sections of Plaintiff's insurance policy provide coverage for up to $50,000. *See e.g.,* ECF No. 16 at p. 5.

      In Defendant's Answer (ECF No. 3) and in the parties' 26(F) Report (ECF No. 7), Defense counsel raised the issue of subject matter jurisdiction asserting that due to the relevant portion of Plaintiff's insurance policy only providing coverage of only up to $50,000, the Plaintiff's claimed damages were below the $75,000 necessary to establish diversity jurisdiction. *See* 28 U.S.C. § 1332. The issue was also addressed by the parties at the Initial Pre-Trial Conference (Rule 16), which was held before this Court on February 17, 2022. *See* ECF No. 14.

      Although Defense counsel has not filed a Motion to Dismiss for lack of subject matter jurisdiction, "because subject matter jurisdiction is non-waivable, courts have an independent

obligation to satisfy themselves of jurisdiction if it is in doubt." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003) (internal citations omitted). Accordingly, Courts may "raise sua sponte subject matter jurisdiction concerns" and this Court does so now, finding, for the reasons stated below, the case Court is devoid of jurisdiction and the case must be **DISMISSED**. *Id.*

### I. Plaintiff's Claims Must be Dismissed for Lack of Subject Matter Jurisdiction

In federal court, the plaintiff bears the burden of establishing subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Fed. R. Civ. P. 12(b)(1). "A defendant may challenge the existence of subject matter jurisdiction in one of two fashions: it may attack the complaint on its face or it may attack the existence of subject matter jurisdiction in fact, relying on evidence beyond the pleadings." *Kistler v. Lackawanna Cty. Tax Claim Bureau,* No. 3:17-CV-01672, 2017 WL 9532897, at *1 (M.D. Pa. Sept. 22, 2017), *report and recommendation adopted*, No. CV 3:17-1672, 2017 WL 4684588 (M.D. Pa. Oct. 19, 2017) (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). When evaluating whether a complaint facially fails to establish subject matter jurisdiction, courts must consider the "allegations of the complaint and documents referenced therein and attached thereto in the light most favorable to the plaintiff." *Vasvari v. Hartung*, No. 3:16-CV-6461-BRM-TJB, 2017 WL 2691419, at *2 (D.N.J. June 22, 2017). By contrast "[i]f an aspect of a claim concerns jurisdiction, and when jurisdiction turns on whether a particular fact is true as here (as opposed to whether the complaint sufficiently alleges jurisdiction on its face), a court may inquire into the jurisdictional facts without viewing the evidence in a light favorable to either party." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003).

In this case, Defendant has alerted the Court to the fact that, under either theory of the case, the relevant portion of Plaintiff's insurance policy (the uninsured motorist coverage section

or underinsured motorist coverage section) only allows for $50,000 of coverage. *See e.g.*, ECF No. 7 at p. 2. Plaintiff's do not contest this fact. *See generally* ECF 14; ECF No. 16 Ex. A. Instead, when asked about the basis for subject matter jurisdiction at the Rule 16, Plaintiff's counsel argued that the "case is clearly valued over $50,000…[due to an] MRI that Mr. Robinson… receive[d] that revealed disc protrusions throughout his cervical spine at six different levels…," which in connection with an $8,000 offer from Defendant would justify a forthcoming addition of a bad faith claim pursuant to 42 Pa.C.S.A. § 8371. ECF No. 14 at 6:21–25. Plaintiff's counsel, however, was unable to provide any facts that would actually provide a basis for such a claim, telling the Court that he could not be certain when the Defendant made his offer in relation to being provided documentation of Plaintiff's MRI. *See e.g.*, ECF No. 14 at 7:15–25. Further, when asked by the Court at the Rule 16 why the case had not been moved to state court, Plaintiff's counsel merely stated the answer was "above [his] pay grade," and later, when the Court expressed concern that if the case were dismissed for lack of subject matter jurisdiction it would delay a result for his client, Plaintiff's counsel stated "I mean the federal dockets are expedited, so this case will be tried before we would ever get in front of an arbitration panel in Philadelphia." ECF No. 14 at 11:8–11, 12:11–13.

Plaintiff then filed a Motion for Leave to File an Amended Complaint on February 28, 2022, which this Court then denied on March 4, 2022. ECF No. 19. In denying Plaintiff's Motion for Leave to File an Amended Complaint, this Court found that the proposed Amended Complaint attached to such the Motion laid out no new factual allegations other than overbroad conclusory statements and thus only attempted to add a futile bad faith claim to the case (presumably in an attempt to secure unwarranted federal court jurisdiction). *See* ECF No. 18. Thus, the only claims active in this case involve alleged liability under the Plaintiff's insurance policy which permits

(under either theory of liability) only up to $50,000 in damages, which is well below the required $75,000 to establish diversity jurisdiction. *See* 28 U.S.C. § 1332.

Accordingly, this Court finds that Plaintiff has factually failed to establish subject matter jurisdiction. This Court also notes, however, that because there is no dispute that the relevant portion of Plaintiff's insurance policy (providing either uninsured or underinsured coverage) only permit damages up to $50,000, Plaintiff's Complaint is, effectively, also facially devoid of jurisdiction because when the parties are in agreement about the facts relevant to jurisdiction the Court need not weigh any evidence in its analysis, and the distinction between a facial and factual analysis becomes mostly theoretical.

For the reasons set forth above, this case shall be **DISMISSED** for lack of subject matter jurisdiction. An appropriate order will follow.

**BY THE COURT:**

**/s/** *Chad F. Kenney*

**CHAD F. KENNEY, JUDGE**